TJS: FJN
F. #2018R01945

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION
FOR A SEARCH WARRANT FOR

THE PERSON KNOWN AND
DESCRIBED AS JUSTIN CROOK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT
OF AN APPLICATION FOR
A SEARCH WARRANT

(Fed. R. Crim. P. 41; T. 18,
U.S.C., §§ 922(g)(1))

No.   19-MJ-193

EASTERN DISTRICT OF NEW YORK, SS:

Natalie Diaz, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 922(g)(1)—specifically, that, on or about September 25, 2018:

- Justin Crook ("Crook"), date of birth March 9, 1989, did knowingly and intentionally possess a firearm after having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year

will be obtained by the taking, and preserving as evidence, of a buccal swab sample or blood sample of Crook.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA

The source for your deponent's information and the grounds for her belief are as follows:[2]

1. I am a Special Agent with the ATF and have been involved in the investigation of numerous cases involving firearms offenses. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about September 25, 2018, at approximately 10:45 p.m., two NYPD officers were conducting a routine patrol in Brooklyn, New York in an unmarked police vehicle. The officers parked the unmarked vehicle in front of 585 Blake Avenue and observed an individual, later identified as Nicholas Rodriguez, sitting in front of the apartment complex at 585 Blake Avenue.

3. The officers then saw a second individual, later identified as Crook, exit 585 Blake Avenue and approach Rodriguez. The officers thereafter observed Crook hand Rodriguez, a small black bag and a firearm, which Rodriguez placed into his front pocket and rear back pocket, respectively.

4. The officers then exited the vehicle, stopped Rodriguez, and placed him under arrest. Pursuant to a search incident to arrest, the officers recovered a .22-caliber Rohm Magnum (Derringer) pistol and ammunition from Rodriguez.

---

from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68. (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

2

5. Following the arrest, the officers conducted a sweep of the public areas of 585 Blake Avenue to find Crook, but the officers were unsuccessful in locating Crook that night.

6. The officers subsequently obtained video surveillance from 585 Blake Avenue of the firearm exchange between Rodriguez and Crook. The video surveillance shows an individual matching Crook's description exit the front entrance of 585 Blake Avenue and approach Rodriguez. The video surveillance further shows the individual matching Crook's description hand Rodriguez a small black bag and an object, the appearance of which is consistent with a firearm.

7. On or about November 4, 2018, NYPD officers encountered Crook in the vicinity of 585 Blake Avenue. The officers placed Crook under arrest on New York state charges for his role in the firearms transaction that took place or about September 25, 2018.

8. On or about November 13, 2018, Crook was charged in the Eastern District of New York with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

9. In connection with the investigation, law enforcement agents collected swabs of DNA evidence from the .22 caliber Rohm Magnum (Derringer) pistol (hereinafter the "Firearm") that was recovered from Rodriguez or about September 25, 2018. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can be recovered from objects such as a firearm. The DNA evidence collected by law enforcement can be tested by law enforcement for the presence of DNA.

10. In this case, the Office of the Chief Medical Examiner compared DNA recovered from the Firearm to DNA recovered from a cigarette butt that Crook abandoned at

the NYPD precinct where he was taken on the day of his arrest. The Office of the Chief Medical Examiner concluded that the DNA recovered from the cigarette butt matches the DNA recovered from the Firearm. The Office of the County Medical Examiner has informed me that further analysis can be performed upon submission of a direct sample from Crook.

11. Based on the facts set forth herein, there is a substantial likelihood that the DNA of Crook will be found on the recovered Firearm.

12. The government wishes to compare the DNA from the Firearm with a DNA sample obtained directly from Crook (e.g., a buccal swab).

13. Based on the above information, there is probable cause to believe that Crook is a contributor to DNA evidence found on the Firearm. Therefore, there is probable cause to believe that a buccal swab or sample of blood would constitute evidence of Crook's commission of the charged crimes.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Special Agents, New York City Police Department officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from Crook a buccal swab sample or sample of blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the

event that Crook refuses to submit to a buccal cheek swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

_____
Natalie Diaz
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
1st day of March, 2019

_____/s/ SLT_____
THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5